## WILLIAM HENRY vs. JAMES HENRY.

On service of a copy of a writ of sci. fa., the copy *must be certified by the officer serving the sams*, the word " copy" merely, is not sufficient; it should have the name of the sheriff or deputy, or other officer serving the same, subscribed thereto.

The teste of a writ, in the name of Greene C. Bronson, chief justice, of the first Monday of January, 1845, is amendable.

*Motion by defendant to set aside the writ of sci. fa., and subsequent proceedings for irregularity.*—On the 5th April, 1845, Alexander Welton, a deputy sheriff of Madison county, served on the defendant a writ of scire facias, by delivering to said defendant what purported to be a copy of said writ. Defendant stated that *he was in the town of Sherburne and county of Chenango, when he received the same from said deputy sheriff.* The writ *was tested in the name of Greene C. Bronson, chief justice, at the Capitol, in the city of Albany, the first Monday of January, A. D.,* 1845, and returnable the 1st Monday of May, 1845. *There was no certificate signed by said Welton to said copy delivered to defendant,* the word " copy" was all that appeared upon it, and that was in the hand writing of one of plaintiff's attorneys. The deputy sheriff stated, that he served the writ on the defendant, by delivering him a copy, with the word " copy" inscribed thereon, and at the same time showing him the original. And at the time of the service the defendant was in the highway on the top of a load of manure ; that the county line between Madison and Chenango counties was in the centre of said highway; the defendant was precisely in the centre of the highway as

near as he could judge, and he fully believed *that one half at least of the defendant was in Madison county.*

DODGE & BIRDSEYE, *Defts Counsel.*     J. P. WHITTEMORE, *Defts Atty.*
N. HILL, J., *Plffs Counsel.*     SHERWOOD & NEY, *Plffs Attys.*

JEWETT, Justice.—The teste in the name of the present chief justice, is amendable; he thought the weight of evidence, as gathered from the papers, showed that defendant was in the county of Chenango; without however deciding that point, he was clearly of opinion that the copy of the writ delivered to the defendant at the time of service, was not such a copy as was contemplated by the statute. Service is made, by delivering a copy thereof, certified by the *officer* serving the same to the party required to be summoned, or by leaving such copy, &c. 2 R. S., 579, § 16. The copy served in this case was not certified by either the sheriff or his deputy; the word "copy" appeared upon it, but that could not be considered a certified copy by the officer within the meaning of the statute.

Motion granted with costs.